CLD-147                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4154
_____

MISS GLORIA SCARNATI,
                                        Appellant
v.

J. JOHNSTON, Postmaster for Pittsburgh, et al., sued
individually; PLEASANT HILLS POST OFFICE, et al;
KATHY SHERRED, Former Manager, et al., sued
individually; JOSEPH HAINES, Manager, et al., sued
individually; NICK KECENIC, et al, sued individually;
MAIL CARRIERS, From 2005-2013 for 350 block
of Marylea Avenue, Brentwood Borough; NORTH SIDE
GENERAL MAIL FACILITY US POST OFFICE;
ELAINE, (Refused to give last name) Secretary for
Manager, et al., sued individually; CUSTOMER
CONCERNS DEPARTMENT, et al.; LORAINE, (Last
name unknown) of Customer Concerns, et al., sued
individually; BRENTWOOD UNITED STATES POST
OFFICE, et al.; LYNN JONES, et al., sued individually;
KAY, (Refused to give last name) et al, sued individually;
LINDA WINTER, et al, sued individually; CHARLES
WINTER, (Chuck) Her Husband, et al, sued
individually; C.O. DAUGHTER, (name unknown)
of Charles and Linda Winter, et al., sued individually;
CHUCK WINTER, JR., et al. sued individually
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 13-cv-01375)
District Judge: Honorable Arthur J. Schwab

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 9, 2014

Before: FUENTES, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  January 14, 2014)
_____

OPINION
_____

PER CURIAM

Appellant Gloria Scarnati appeals from an order of the District Court dismissing her <u>in</u> <u>forma</u> <u>pauperis</u> complaint as frivolous.  For the reasons that follow, we will dismiss the appeal as frivolous.

Scarnati filed an <u>in</u> <u>forma</u> <u>pauperis</u> complaint in the United States District Court against Pittsburgh Postmaster J. Johnston, certain other postal employees, and others under the Privacy Act, the Federal Tort Claims Act, and the United States Constitution, alleging theft of her mail and mail tampering, among other things.  Most, if not all, of the complaint was devoted to allegations about defendant Linda Winter, Scarnati's neighbor.  In ¶ 39, Scarnati alleged that Winter was "insanely jealous" of her "property" and "popularity," and conspired with others to steal, copy, and read her mail, and slander and intimidate her.  Ms. Winter was alleged to be a member of the "polish mafia," <u>id.</u>, and her misdeeds, for example, her alleged destruction of Scarnati's shrubbery, were set forth in several subsequent paragraphs of the complaint, <u>see</u> <u>id.</u> at ¶¶ 40-60.  The postal service's habit of delivering mail to the wrong address apparently exacerbated tensions between

2

the neighbors, see ¶ 61-64, leading Scarnati to make conclusory allegations of a conspiracy, theft of mail, tampering, and invasion of privacy. Scarnati sought money damages and injunctive relief. In a recusal motion, Scarnati claimed that United States District Judge Arthur Schwab should not be assigned to the instant case because he had dismissed certain other of her cases as frivolous.

In an order entered on September 23, 2013, the District Court, that is, District Judge Schwab, denied Scarnati's recusal motion and dismissed her complaint as frivolous. Judge Schwab denied the recusal motion on the grounds that his prior opinions had not revealed any "deep-seated" or "high degree of" "favoritism or antagonism that would make fair judgment impossible, " Liteky v. United States, 510 U.S. 540, 555 (1994), and that the local rules required that all pro se civil actions initiated by the same plaintiff be marked as related and assigned to the same district judge. Judge Schwab dismissed Scarnati's complaint because it did not allege a plausible cause of action against either the postal defendants or her neighbors.

Scarnati appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk granted her leave to appeal in forma pauperis and advised her that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. She was invited to submit argument in writing, but has not done so.

We will dismiss the appeal as frivolous. An appellant may prosecute her case without prepayment of the fees, 28 U.S.C. § 1915(a)(1), but the in forma pauperis statute provides that the District Court shall dismiss the complaint at any time if the court determines that it is frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous

3

when it lacks an arguable basis either in law or fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). Scarnati's complaint is, as the District Court concluded, frivolous. Her allegations that postal service employees conspired with her "neighbor from hell" (her words, not ours) to cause severe disruption in her mail service do not satisfy the plausibility test. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009) (plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). <u>See</u> <u>also</u> <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007); Fed. R. Civ. Pro. 12(b)(6). Her nuisance allegations relating to her neighbor do not present a federal question, 28 U.S.C. § 1331. A plaintiff may proceed in federal court in a civil rights action only if she plausibly alleges a deprivation of her constitutional rights, <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 150 (1970); 28 U.S.C. § 1343(3), and Scarnati's allegations about Ms. Winter and the Polish mafia do not rise to the level of a constitutional violation. With respect to recusal, Scarnati failed to allege any facts that would lead a reasonable person to conclude that Judge Schwab's impartiality might reasonably be questioned, 28 U.S.C. § 455(a); <u>In re: Kensington Int'l Ltd.</u>, 353 F.3d 211, 220 (3d Cir. 2003).

For the foregoing reasons, we will dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).